ROBINSON *versus* BROWN *et al.*

If one be seized of a tract of land, and another, claiming the same by a registered deed, enters upon a part thereof, his entry does not constitute a disseizin of the whole, at his election, *unless* the part so entered upon be continued in his possession.

TRESPASS for breaking and entering the plaintiff's close and cutting trees. The case shows *that* the plaintiff, in 1842, purchased and entered into possession of a lot of land; *that* the *locus in quo*, is a strip five rods wide at the eastern extremity of said lot; *that*, at the time of the purchase, that strip was enclosed by the same fence with the said lot; *that* plaintiff has always maintained that fence and used the strip in connection with said purchased lot, by pasturing his cattle upon it and taking firewood from it, and continuing the occupation of it uninterrupted, except as testified by Asa R. Hoxie. Hoxie testified that, in June, 1848, he claimed to own the strip, and cut a few trees upon it, one day; that in July he caused it to be run out by a surveyor, and in August conveyed it by warranty deed to the defendants, who thereupon, (as the case states,) recorded their deed and cut and hauled away from a part of it the wood, as alleged in the writ. Thereupon defendants' counsel requested the court to instruct the jury, "that if Asa R. Hoxie did, a short time before he

Shorey *v.* Hussey.

conveyed to defendants, enter upon the land in dispute, and cut trees as stated by him, and if he continued in possession, and afterwards had the land surveyed, and then deeded it by warranty deed to the defendants, and they recorded their deed, and entered under the same, claiming title, then plaintiff was disseized thereby, and could not maintain this action."

The instruction was not given, and the defendants excepted.

*Bronson* and *Lancaster & Baker*, for the defendants.

*Williams* and *Bradbury & Morrill*, for the plaintiff.

WELLS, J., orally. — The defendants rely upon the acts done by Hoxie, and upon the defendants'· entry into the lot under a recorded deed. No doubt an entry into a part of a lot, under a recorded deed of the whole, and the holding of that part in possession, is a constructive entry into the whole lot. But this case does not show such a holding, but only that the defendants entered under a claim of title, and cut and hauled away the wood. No disseizin of the plaintiff was created by these acts. To make these acts avail as a disseizin, it was requisite at least that the defendants should have not only entered into possession of a part, but continued in that possession. *Exceptions overruled.*